WARD v. STATE.

Opinion delivered December 19, 1927.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of grand larceny.

2. CRIMINAL LAW—SEVERANCE—TRIAL. — Where defendant and another were jointly indicted for grand larceny, a severance to the trial was properly allowed, under Crawford & Moses' Dig., § 3141.

3. LARCENY—VARIANCE.—An indictment charging the theft of a set of tools was not too general to charge the crime, and proof of particular tools stolen did not constitute a variance between the allegation and the evidence.

4. CRIMINAL LAW—EVIDENCE OF CO-DEFENDANT.—In a prosecution for grand larceny, it was permissible for the State to use as a witness against defendant one jointly indicted with him, where such witness voluntarily testified.

5. CRIMINAL LAW—STATEMENT OF COURT.—Where defendant and another were jointly indicted for grand larceny, and the cases were properly severed under Crawford & Moses' Dig., § 3141, the statement of the trial court, at a time when the competency of accomplice's testimony was questioned, that defendant was arrested first, and case against his accomplice was not returned until afterward, and the jury could try one "when you get him before you get the other one, and that is what we are doing now," *held* not prejudicial to defendant.

6. CRIMINAL LAW—RELEVANCY OF EVIDENCE.—Where a defendant and another were jointly indicted for grand larceny, and the cases were severed, and the co-defendant testified for the State as a witness, and the trial court stated that defendant was first arrested, and the accomplice was not brought in until afterwards, refusal to allow defendant to prove the time and circumstances of the arrest was not error, since the time of accomplice's arrest was immaterial.

7. CRIMINAL LAW—RELEVANCY OF EVIDENCE.—In a prosecution for larceny of automobile accessories, refusal to permit defendant to show by a witness that he refused to go with the co-defendant to steal automobile accessories the evening before the property alleged to have been stolen was taken, was proper, it being collateral and incompetent.

Appeal from Howard Circuit Court; *B. E. Isbell,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Howard County for the crime of grand larceny, and, as a punishment therefor, was adjudged to serve a term of two years in the State Penitentiary, from which is this appeal.

Appellant has filed no brief, but, in the motion for a new trial filed by him in the circuit court, he challenged the sufficiency of the evidence and law to sustain the judgment.

Appellant was indicted jointly with Alvin Cecil for stealing one inner tube of the value of $2, one rim of the value of $2.50, one casing of the value of $20, and one set of tools of the value of $10, from Doctor J. I. Philpot. The undisputed evidence showed that the property in question was stolen from Dr. J. I. Philpot on the night

of the 27th day of May, 1927, and that it exceeded $10 in value.

Alvin Cecil, appellant's brother-in-law and alleged accomplice, voluntarily testified that appellant came to his house on the afternoon of May 27, 1927; that, early in the evening, they went in witness' car to Umpire, where appellant got out; that witness went to Boone Morris' home, a mile and a quarter southwest of Umpire; that witness returned between eleven and twelve o'clock, overtaking appellant 200 yards from Umpire, in sight of Dr. Philpot's home; that appellant had a casing, tube, rim and some tools, which he put in witness' car; that he told witness that he had got them off Dr. Philpot's car; that witness let appellant have his car to take them away.

Other witnesses testified to facts and circumstances in corroboration of the testimony of Alvin Cecil.

There is sufficient evidence in the record to sustain the verdict and judgment.

We have carefully examined the instructions given by the court and have concluded that they fully presented the issues and correctly declared the law applicable to the facts in the case.

The motion filed by appellant for a new trial in the circuit court assigned other alleged errors, which will be determined in the order mentioned.

First. Appellant alleged as error the severance of the joint charge against Alvin Cecil and himself. This was allowable under § 3141 of Crawford & Moses' Digest, which is as follows:

"When two or more defendants are jointly indicted for any criminal offense, the attorney of the State may sever the trial of such joint defendants when he deems it proper."

Second. Appellant alleged as error the admission of the testimony of Dr. Philpot with reference to missing a kit of tools consisting of wrenches, screw-drivers, hammers, etc., because the indictment did not mention or

describe any particular tools. The indictment was not too general to charge a crime, and proof of particular tools did not constitute a variance between the allegation and the evidence.

Third. Appellant alleged as error the refusal of the court to allow him to prove by Claude Fair that Alvin Cecil, the State's main witness, had attempted to get Fair to go with him and steal some automobile accessories the afternoon before Dr. Philpot's property was stolen. Later on in the trial the court allowed Fair to testify to this fact, so it becomes unnecessary to pass upon the alleged error of the court in first excluding the testimony.

Fourth. Appellant alleged as error the use of Alvin Cecil as a witness for the State, on the ground that he was jointly indicted with appellant. It is permissible to use an accomplice as a witness against his co-defendant if he voluntarily testifies, as Alvin Cecil did in the instant case.

Fifth. Appellant alleged as error the statement made by the trial court at the time the competency of Alvin Cecil's testimony was questioned. The statement is as follows:

"Roy Ward was arrested first, and his name was put on the docket first. There are two distinct cases. The returns were first made on Roy Ward, and he was brought in. The case against the other man was not returned until this morning. You can try one when you get him before you get the other one, and that is what we are doing now." No prejudice resulted to appellant on account of the statement, as the prosecuting attorney had a right to and did sever the cases.

Sixth. Appellant alleged as error the refusal of the court to allow him to prove by the witness, Alvin Cecil, the time and circumstances of his arrest, in explanation of the remark made by the trial court. It was immaterial when Alvin Cecil was arrested. He was not on trial. The cases had been severed.

Seventh. Appellant alleged as error the refusal of the court to show by Claude Fair that he refused to go

with Alvin Cecil to steal some automobile accessories the evening before Dr. Philpot's property was stolen. This was a collateral matter, and entirely irrelevant and incompetent.

No error appearing, the judgment is affirmed.